JOHN LOWRY, Respondent, *v.* COLLATERAL LOAN ASSOCIATION, Appellant.

PAWNBROKERS — CHAPTER 326 OF LAWS OF 1895, PROVIDING "FOR THE INCORPORATION OF ASSOCIATIONS FOR LENDING MONEY ON PERSONAL PROPERTY" MUST BE CONSTRUED WITH AND IS SUBJECT TO STATUTES RELATING TO USURY — USURIOUS LOANS MADE BY SUCH ASSOCIATIONS SUBJECT TO PENALTY OF FORFEITURE. The statutes relating to usury (1 R. S. 771, and amendments thereto) are not repealed as to corporations formed under chapter 326 of the Laws of 1895, providing "for the incorporation of associations for lending money on personal property * * *" and authorizing such corporations to "take as security for the payment of any such loan either a pledge or a mortgage of any personal property," and to "charge and receive upon each loan * * * interest or discount at a rate not exceeding three per centum per month for a period of two months or less, and not exceeding two per centum per month for any period after said two months;" the effect of the two statutes, when read together, is to increase the rate of interest upon loans covered by the later statute and to apply the penalty of forfeiture prescribed by the Usury Act if the rate so authorized is exceeded; and a person who has borrowed money upon notes secured by chattel mortgages from a corporation organized and doing business under such statute may, upon proof that the corporation has exacted interest and charges upon the loan in excess of the amounts allowed by the statute, maintain an action to have the loan declared void, the notes and mortgages surrendered and the corporation restrained, *pendente lite,* from foreclosing the mortgages.

*Lowry* v. *Collateral Loan Assn.,* 62 App. Div. 240, affirmed.

(Argued October 24, 1902; decided November 11, 1902.)

APPEAL from a judgment entered June 17, 1901, upon an order of the Appellate Division of the Supreme Court in the first judicial department, affirming an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James C. de La Mare* for appellant. The complaint shows that both notes and mortgages were good and valid in their inception. (Webb on Usury, §§ 306, 307; *Sweeney* v. *M. L. Assn.*, N. Y. L. J. Dec. 1, 1900.) Usury is not sufficiently pleaded. (*Manning* v. *Tyler*, 21 N. Y. 567; *Gannon* v. *Forgotston*, 62 N. Y. S. R. 835; *Banks* v. *Van Antwerp*, 5 Abb. Pr. 411; *Chapuis* v. *Mathot*, 91 Hun, 565; 155 N. Y. 641.) The allegation that the interest was deducted in advance does not make the loan usurious. (9 Am. & Eng. Ency. of Law [2d ed.], 468; *A. S. Bank* v. *Savery*, 82 N. Y. 291.) The General Usury Law has no application to corporations created under chapter 326, Laws of 1895, and it is repealed by implication. (2 R. S. [Birdseye's 2d ed.] § 1695, subd. 5; *Heckman* v. *Pinkney*, 81 N. Y. 211; *Hawley* v. *Kountze*, 6 App. Div. 217; *Curtiss* v. *Leavitt*, 9 N. Y. 85; *E. P. Co.* v. *Lacey*, 63 N. Y. 422; *D. L. P. R. Co.* v. *Allen*, 16 Barb. 15.) Even if the loan was unauthorized, that would not relieve the plaintiff from paying what he had borrowed. No such penalty is prescribed by the statute, and it is a matter which concerns the state alone, and not plaintiff. (*Pratt* v. *Short*, 79 N. Y. 437; Sedg. on Stat. Const. [2d ed.] 73; *Mott* v. *U. S. T. Co.*, 19 Barb. 568; *S. N. Co.* v. *Reed*, 17 Barb. 378; *W. A. Co.* v. *Barlow*, 63 N. Y. 62.)

*Henry G. K. Heath* for respondent. The defendant is amenable to the usury laws. (1 R. S. 771, § 1; 772, §§ 2, 5; *Chapman* v. *Lynch*, 156 N. Y. 551; *Tyng* v. *C. W. Co.*, 58 N. Y. 308; *People* v. *U. Ins. Co.*, 15 Johns. 358; *Fiedler* v. *Darran*, 50 N. Y. 443.) The defendant has exceeded its powers; its acts were *ultra vires*, and the securities taken void. (*B. G. L. Co.* v. *Claffy*, 151 N. Y. 24; *S. L. & T. Co.* v. *Helmer*, 77 N. Y. 64; *N. P. Bank* v. *G. A. M. W. & S. Co.*, 116 N. Y. 281; *Steinway* v. *Steinway*, 17 Misc. Rep. 47.)

Vann, J. The defendant is a corporation organized under the " act to provide for the incorporation of associations for

lending money on personal property, and to forbid certain loans of money, property or credit," passed April 17th, 1895 (L. 1895, ch. 326). This statute was so amended in 1896 as to provide that it should not apply to two counties, one of which is the county of Westchester where the plaintiff resides. (L. 1896, ch. 206, § 2.) By this act the defendant was authorized to lend money to such persons " as shall be deemed by it in need of pecuniary assistance " and to " take as security for the payment of any such loan either a pledge or a mortgage of any personal property." It is entitled to act as pawnbroker without obtaining a license or filing any bond other than that provided for in the act, and it may " charge and receive upon each loan made by it without the actual delivery to it of the property pledged or mortgaged, which charge shall include all services of every character, in connection with said loan, except upon the foreclosure of the security, interest or discount at a rate not exceeding three per centum per month for a period of two months or less, and not exceeding two per centum per month for any period after said two months ; and also a sum not exceeding three dollars for the first examinations of the property to be pledged or mortgaged and for drawing and filing the necessary papers." But, as the act further provides, " no such loan greater than two hundred dollars shall be made, nor shall any one person owe such corporation more than two hundred dollars for principal at any one time." The corporation is not permitted to declare dividends exceeding ten per cent in any year, and when it " shall have accumulated a surplus amounting to fifty per cent of its capital, the superintendent of the banking department " is given authority " to make an order reducing the rates of interest, discount and charges which such corporation may lawfully charge and receive upon loans, to such sums as will, in his judgment, produce a net return of ten per cent on its capital stock."

On the first of November, 1897, the defendant agreed to loan $150 to the plaintiff for the term of one month, but it actually delivered to him only $138.50, although it took from

him two notes for $75 each, the balance having been retained under the cover of interest and charges. On the first day of every month thereafter to and including September, 1900, the defendant extended the time of payment of said loan and on each occasion received from the plaintiff therefor the sum of $11.50. Two chattel mortgages were given by the plaintiff upon personal property situate in his residence in Westchester county to secure said loan when made and upon each renewal thereof.

To a complaint alleging these, among other facts, and demanding that the loan be declared void, the notes and mortgages surrendered and the defendant restrained, *pendente lite*, from foreclosing the mortgages, the defendant demurred upon the ground that no cause of action was set forth. The courts below united in overruling the demurrer, and from a final judgment entered accordingly this appeal was taken.

The appellant claims that the general usury law has no application to corporations organized under the act in question, because it is not referred to therein. It further contends that protection against abuses is provided by the bond required of the corporation by the second section of the act. That bond, however, does not aid the borrower, as it is to be prosecuted, if knowingly violated, in the name of the People and the proceeds belong to the state. While a reward of $250 is provided for the person "first giving information and furnishing legal proof of" a violation of the restrictions of the act by the corporation, that is for the benefit of any informer, whether injured or not, and does not apply to the borrower any more than to a stranger.

We think that the act under consideration should be construed in connection with the general statute against usury and as modifying the latter only to the extent mentioned and provided. The Revised Statutes fix the rate of interest at six per cent, prohibit the receipt of interest at a greater rate and forfeit both principal and interest if a higher rate is knowingly taken. (1 R. S. 771.) This has been the established policy of the state for so many years that a departure therefrom, not

by way of general repeal, or so as to affect business transactions of magnitude, but to aid the poor borrower in procuring a small loan upon the security of his household furniture or other personal property, should be so construed, if practicable, as to protect the class for whose benefit the change was made. Persons who borrow small sums, never exceeding in the aggregate two hundred dollars, on the strength of such security, need the protection of a statute against usury more than any other class, for they are usually without credit, business experience or the ability to protect their property from sacrifice if they are not able to repay the loan. They are the persons most likely to be taken advantage of by a grasping and rapacious money lender.

The primary object of the statute of 1895 was not to create a new kind of corporation for the purpose of enabling the corporators to make money, but to rescue people of small means from the grasp of those who were disposed to take advantage of the ignorant and needy borrower. It authorizes corporations formed under it to make small loans only, upon the security of personal property and to charge a rate of interest much greater than the usual rate provided by law, but still reasonable under the circumstances, considering the trouble and hazard. It provides that the sum charged for interest shall include all services of every character, except upon foreclosure and except also that it permits a maximum charge of three dollars for "first examinations" of the property to be pledged or mortgaged and for drawing and filing the necessary papers. It also prohibits persons or corporations, other than those organized under the act, from charging or receiving in any county where such a corporation is located, "any interest, discount or consideration greater than at the rate of six per cent per annum upon the loan, use or forbearance of money, goods or things in action less than two hundred dollars in amount or value," or upon the loan of personal credit made on the security of household furniture, etc. "Any person, and the several officers of any corporation, who shall violate the foregoing prohibition, shall be guilty of a

misdemeanor, and upon proof of such fact the debt shall be discharged and the security" adjudged void.

The object of the statute was to place the small borrower in the hands of a responsible party and to shield him from the class accustomed to charging excessive interest. While great care is taken in the act to punish all who charge more than six per cent, except the corporations organized under it, still it inflicts no penalty upon such corporations and provides no relief for the borrower in case they take advantage of his necessities by charging a greater rate of interest than is allowed by it. The facts in this case illustrate the necessity for some safeguard to protect the borrower, as the plaintiff has paid to the defendant for interest and charges upon the loan or forbearance of about $150 from November 1st, 1897, to October 1st, 1900, the sum of $402.50 instead of $111, the amount allowed by the statute. Did the legislature intend that such corporations, enjoying such unusual privileges, could charge any rate of interest they saw fit with impunity?

In view of the well-known fact that as a rule those who make a business of lending to the poor are apt to charge extortionate rates of interest, we do not think the legislature intended to leave that class of borrowers which needs protection most bound and helpless in the hands of the usurer. If it had intended to exempt corporations formed under said act from the pains and penalties of usury, it doubtless would have said so. We think that the general usury law was not repealed as to this class of corporations, but only relaxed so as to allow a moderate increase of interest upon small loans owing to the labor of superintendence necessarily involved. In other words, the effect of the two statutes, when read together, is to increase the rate of interest upon loans covered by the act of 1895 and to apply the penalty of forfeiture prescribed by the usury act if the rate so authorized is exceeded. While the rate of interest was increased, the penalty for exceeding the legal rate was not done away with. In view of the history of the usury law and the general object of the legislature in passing the act of 1895, we think the foregoing

is the only reasonable and practicable construction, and without considering the other questions argued by counsel, we apply it to the case in hand by affirming the judgment below, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and MARTIN, JJ., concur.

Judgment affirmed.