GREAT EASTERN CREDIT UNION, Appellant, *v.* HARRY COOPER and HENRY W. THOELEN, Respondents, COOPER, LANSNOR & COOPER, INC., Defendant.

Supreme Court, Appellate Term, First Department, December, 1922.

Usury — general statute against usury inapplicable to " credit unions "— validity of contract — interest in excess of one per cent per month — discount — when " credit union " can recover amount actually advanced.

The legislature having provided for the creation of " credit unions " (Banking Law, § 450), a new kind of corporation, with power to make loans to its own members at rates not exceeding one per cent per month, without providing any express prohibition against or penalty for exacting a greater rate of interest than the corporation was empowered under the statute to exact, it must be held that the legislative intent was to make the general statute against the exaction of usury inapplicable to the contracts of a " credit union " and that the validity and effect of such contracts should be tested by the general rules which govern the making and enforcement of corporate contracts.

The defendant C., one of the shareholders in the plaintiff, a duly incorporated " credit union," upon being told that it would loan him $2,500, he as principal and the other defendants as sureties signed a written instrument by which he agreed to pay to the order of plaintiff the sum of $2,500 in twenty-five installments of $100 per week. Upon the execution of the instrument plaintiff paid to C. the sum of $2,350, having deducted from the amount of the loan $150 as discount or interest paid in advance at the rate of twelve per cent per annum. After C. had paid four installments of $100 each he defaulted. In an action upon the written instrument to recover the unpaid balance the defendants pleaded usury and the facts being undisputed a verdict was directed in their favor. Upon reversing the judgment entered on the verdict and ordering judgment in favor of the plaintiff for the sum of $1,950 with interest from the date of the commencement of the action, *held*, that the defendants having received consideration under a contract which contained a provision which they themselves were bound to know the corporation had no right to insert, should not be permitted to retain the consideration on the plea that the corporation had no power to make the contract or to say that it was illegal; but inasmuch as the corporation retained moneys from the face amount of the loan as a discount or as interest payable in advance, which it had no power to exact, the defendants could not be required to repay to plaintiff more than they received.

APPEAL by plaintiff from a judgment of the City Court of the city of New York in favor of defendants, and from an order denying plaintiff's motion to set aside the verdict.

*Morris & Samuel Myers (Samuel Myers* and *Jacob S. Blatt*, of counsel), for appellant.

*Samuel Bitterman*, for respondent Thoelen.

*Max Dorff*, for respondent Cooper.

LEHMAN, J. In November, 1921, the defendant Harry Cooper applied to the plaintiff for a loan. He subscribed and paid for

some shares of stock in the plaintiff corporation and was told that the plaintiff would loan him $2,500. On November 21, 1921, the defendant Harry Cooper, as principal, and the other defendants, as sureties, signed an instrument agreeing to pay to the order of the plaintiff the sum of $2,500 in twenty-five installments of $100 per week. At that time the plaintiff paid to Cooper the sum of $2,350, having deducted from the loan of $2,500 the sum of $150 as discount or interest paid in advance at the rate of twelve per cent per annum. The defendant Cooper defaulted in the payment of the installments called for by the instrument signed by him as principal after four installments of $100 had been paid, and the plaintiff thereupon brought an action for the unpaid balance. The defendants pleaded usury, and since the above facts were undisputed the trial justice directed a verdict in their favor.

Under section 453 of the Banking Law of this state, among the " general powers " conferred upon the credit unions is the power " to lend money to its members upon such terms and conditions as the by-laws provide and as the credit committee shall approve, at rates not exceeding one per centum per month, inclusive of all charges incident to the making of such loan." The discounting or retention of interest in advance at the rate of six per cent upon an obligation for the payment of money had been held under proper circumstances not to constitute usury (*Marvine* v. *Hymers,* 12 N. Y. 223), but in the present case the instrument being repayable in weekly installments extending over six months, a discount or retention of interest in advance at the rate of one per cent per month for the full six months would enable the plaintiff to obtain interest on the loan at the rate of approximately two per cent per month, for the average amount owing to the plaintiff at the end of each week during the six months would be only $1,250 provided the payments were made by defendant as agreed. For these reasons the learned trial justice has held that the loan was usurious and I agree with him at least to the extent that the making of the loan was not justified in any way by the general power of the plaintiff to lend money " at rates not exceeding one per cent per month." The trial justice has further held that if the loan is usurious, then it is entirely void and unenforcible under section 373 of the General Business Law and that the plaintiff cannot claim the benefit of section 114 of the Banking Law which limits the penalty for usury by a bank or private or individual banker to the forfeiture of the entire interest, and I agree with the trial justice that under the statute a " credit union " like the plaintiff is not a " bank " or " banker " within the statutory definition or meaning. I seriously doubt, however,

whether a loan made by the officers of a credit union, whereby interest at a greater rate than one per cent per month is reserved or received, though evidently beyond the corporate powers, is also usurious, or to put the question in another form, whether the general statutes concerning usury apply to a credit union. Section 373 of the General Business Law, which makes all usurious contracts void, is limited to contracts where a greater sum or greater value is reserved or taken " than is above prescribed," and the words " above prescribed " refer to sections 371 and 372 which limit interest to six per cent. The limitations contained in sections 371 and 372 do not, however, in terms apply to credit unions, for as pointed out above these unions are not limited to making loans at six per cent per annum or less, but are expressly given power " to lend money to its members   *   *   *   at rates not exceeding one per cent per month," *i. e.*, twelve per cent per annum. The real question in this case is, therefore, whether the legislature in giving this power to the credit unions intended merely to increase the rate of interest which a credit union could receive upon a loan without incurring the penalty of forfeiture and whether section 373 of the General Business Law, though in terms limited to contracts which contravene sections 371 and 372 of the same statute, should by implication be held to apply also to contracts under which interest is retained at more than the increased rate allowed by the special statute to corporations of this class.

A somewhat similar question was passed upon in the case of *Lowry* v. *Collateral Loan Association*, 172 N. Y. 394, in which the Court of Appeals decided that the act which created the penalty of forfeiture for usurious contracts applied to the contracts of a corporation incorporated as a " personal loan company " under the provisions of the " act to provide for the incorporation of associations for the lending of money on personal property and to forbid certain loans of money, property or credit " (Laws of 1895, chap. 326, since amd. and incorporated in the Banking Law, §§ 340 *et seq.*), whenever such contracts provide for a rate of interest in excess of the increased rate authorized by the statute under which the lender was incorporated.

At first glance this decision might be considered as authority for the contention of the defendants herein and the judgment in their favor, but upon analysis of the actual decision and the reasoning of the court by which it reached that decision the case seems to me to lead logically rather to the opposite conclusion.

Corporations incorporated under the act there under consideration were authorized in certain cases to make loans at a rate of

interest greater than was permitted under the General Usury Law and the statute specifically provided that " no person or corporation, other than corporations organized pursuant to this act, shall directly or indirectly, charge or receive any interest, discount or consideration greater than at the rate of six per cent per annum upon the loan, use or forbearance of money, goods or things in action less than two hundred dollars in value," and it further provided that any person and the several officers of any corporation who shall violate the foregoing prohibition " shall be guilty of a misdemeanor, and upon proof of such fact the debt shall be discharged and the security shall be void."

The court pointed out that the " primary object of the statute of 1895 was not to create a new kind of corporation for the purpose of enabling the incorporators to make money, but to rescue people of small means from the grasp of those who were supposed to take advantage of the ignorant and needy borrower. It authorizes corporations formed under it to make small loans only, upon the security of personal property and to charge a rate of interest much greater than the usual rate provided by law, but still reasonable under the circumstances, considering the trouble and hazard." The court further stated that " the object of the statute was to place the small borrower in the hands of a responsible party and to shield him from the class accustomed to charging excessive interest," and it held that although the statute did not expressly provide any penalty against a corporation incorporated under the act of 1895 if it made loans at a rate greater than that authorized by the statute, yet in view of the well-known fact that as a rule those who make a business of lending to the poor are apt to charge extortionate rates of interest, we do not think the legislature intended to leave that class of borrowers which needs protection most bound and helpless in the hands of the usurer. If it had intended to exempt corporations formed under said act from the pains and penalties of usury, it doubtless should be read together and when so read the effect is " to increase the rate of interest upon loans covered by the act of 1895 and to apply the penalty of forfeiture prescribed by the usury act if the rate so authorized is exceeded."

The court there merely sought to give effect to its own interpretation of the legislative intent, and that it correctly interpreted the legislative intent is shown by the fact that the legislature has amended the statute and has now by section 368 of the Banking Law expressly made all contracts void where interest at the rate of more than six per cent per annum is charged by any person or corporation upon the loan, use or forbearance of money, goods or things in action of the value of $200 or less, except as authorized by the law.

In the case of credit unions incorporated under section 450 of the Banking Law, the legislature has not, however, seen fit to expressly provide such a penalty. Moreover, it would seem that the primary purpose of the statute authorizing the organization of credit unions was to create a new kind of corporation for the purpose of benefiting the members of such corporations. The statute limits the making of loans to members of such corporations, and it shows its desire to assist such corporations by providing that "any credit union subject to the provisions of this article shall be deemed an institution for savings within the meaning of the law which exempts such institutions from taxation."

If the General Usury Law is to be held applicable to such corporations, the effect will be that whenever the officers of the corporation perform an *ultra vires* act by lending money to one member of the corporation at a greater rate of interest than the corporation under its corporate powers can exact, the savings of the other members which constitute the capital of the corporation will be depleted. Ordinarily, of course, a member of a corporation cannot be permitted to complain if through the acts of an officer elected by the members of the corporation, the corporation itself and its members indirectly suffer a loss or penalty. But it seems to me unreasonable to hold that where a corporation is limited to dealings with its own members, the legislature should have intended that one member should be afforded a protection which would enable him, because of an *ultra vires* act of an officer, to impose a penalty upon the corporation itself and thereby deprive other members of their own savings.

It seems to me that when the legislature provided for the creation of a new kind of corporation and granted such corporation power to make loans to its own members at a rate of interest greater than is permitted under the General Usury Law without providing any express prohibition against or penalty for exacting a greater interest than the corporation was empowered under the statute to exact, the legislative intent was to make the general statute against the exaction of usury inapplicable to the contracts of the corporation and to test the validity and effect of these contracts by the general rules which ordinarily govern the making and enforcement of corporate contracts. If the officers of the corporation act beyond the corporate powers as expressly limited by the legislature, their acts could not bind the corporation, and under all the circumstances should not result in a forefeiture being imposed against the corporation.

The result is, that in my opinion the defendants having received consideration under a contract which contained a provision which they themselves were bound to know the corporation had **no**

right to insert, should not be permitted to retain that consideration on the plea that the corporation had no power to make the contract or that it is illegal; but inasmuch as the corporation retained moneys from the face amount of the loan as a discount or as interest payable in advance which it had no power to exact, the defendants cannot be required to repay to the plaintiff more than they received.

It follows that the judgment should be reversed, with costs, and judgment ordered in favor of plaintiff for the sum of $1,950, with interest from the date of the service of the summons, and costs.

McAvoy and WAGNER, JJ., concur.

Judgment reversed.