ABRAHAM KOVEN, as Receiver of CLAREMONT FINANCE CORPORATION, Respondent, v. SAMUEL E. KLINE, Appellant, Impleaded with ELIZABETH KLINE and Others, Defendants.

First Department, June 20, 1935.

*J. Baruch Sussman*, for the appellant.

*Charles L. Raskin*, for the respondent.

McAVOY, J. The appellant applied for and obtained from the corporation of which the respondent is receiver a loan of $1,000, to be repaid in fifty weekly installments of $20 each. The appellant insists that he was compelled to pay a bonus of $100 in connection

with this loan, but the record establishes that the $100 was the consideration for the legitimate transfer to him of ten shares of stock of the corporation. When the loan was made the appellant received checks totalling $1,000; he paid to the corporation an investigation fee, $60 in cash as discount of six per cent interest in advance for one year, and delivered his demand note for $1,000 indorsed by his codefendants; thereafter he made installment payments totalling $410, and, upon default in further payment, this action was brought.

The summons in the Municipal Court bore the indorsement, "Balance due on a promissory note." The defendants appeared and interposed an answer consisting of a general denial and the defense of usury. At the trial plaintiff was permitted to amend the indorsement on the summons to include the counts of money loaned and money had and received; defendant was permitted to add as a defense violation of the Banking Law. Judgment was awarded solely against the appellant.

No judgment was awarded against the indorsers on the note. It may be assumed, therefore, that the award was on the second and third causes of action. This assumption disposes of the appellant's contention that there may be no recovery because of the violation by the corporation of section 140 of the Banking Law.

Such a violation would render the note void, but there could be a recovery for money loaned or money had and received. (*Tracy* v. *Talmage*, 14 N. Y. 162; *Pratt* v. *Short*, 79 id. 437.)

There remains, however, the question as to whether the transaction was tainted by usury. The collection of legal rate interest in advance has long been judicially sanctioned. But here the loan was to be repaid within fifty weeks and the lender exacted interest on the principal for a fifty-two weeks period. Not only that, the lender required repayment in weekly installments. Computed on installment payments, interest on the principal for the period in question would amount to $29.42. The appellant paid $60 interest in advance, which is, actually, a charge of twelve and one-half per cent.

Our attention has not been called to any decision in this State passing on the question. Text writers and decisions in other jurisdictions have stamped as usurious transactions providing for the deduction of interest in advance and requiring repayment of the principal in periodical installments. A somewhat similar transaction was considered by the Appellate Term in this department in *Great Eastern Credit Union* v. *Cooper* (120 Misc. 79); the opinion of Mr. Justice (now Judge) LEHMAN pointed out, however, that the general statutes concerning usury do not apply to a credit

union organized under the Banking Law. The lender here was a corporation organized under the Stock Corporation Law.

We are mindful of the fact that organizations authorized by special statutory provision may collect more than six per cent interest, but the facts disclosed here fail to establish that the lender had such authority.

The transaction here involved was violative of the general usury laws and there may be no recovery thereon.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs to the appellant in all courts.

MARTIN, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Determination appealed from and judgment of the Municipal Court reversed and complaint dismissed, with costs to the appellant in all courts.