MURRAY KRULIK, Appellant, *v.* CONFIDENTIAL PERSONAL LOAN Co., INC., Respondent.*

Supreme Court, Appellate Term, First Department, February 28, 1941.

*Noah Rotwein* [*Abraham Rotwein* of counsel], for the appellant.

*Isaiah Sorrin*, for the respondent.

HAMMER, J. The appeals presented are from three orders of the Municipal Court, granting defendant's motion for summary judgment, denying plaintiff's motion for summary judgment, and denying plaintiff's motion for reargument of both orders, and from defendant's judgment for costs entered on the orders.

The action is in replevin. The complaint alleges ownership and right to possession of the chattel and its wrongful seizure by defendant without " right, title, interest or claim thereto." The answer, as a separate defense, sets forth the execution of

* See *Pollack* v. *Madison Long Island Personal Loan Co.* (176 Misc. 78).— [REP.

a chattel mortgage by the plaintiff as security for a loan of $300 from defendant, default and repossession of the mortgaged chattel. The answer also sets forth a statement made in plaintiff's affidavit in support of his application for the issuance of the warrant of seizure which accompanied the summons, that defendant's seizure occurred by virtue of a note and mortgage which were usurious, illegal and void for violation of the Banking Law.

There is no merit to the contention that the borrower could not base replevin on such facts, but was limited either to an equitable action to test the validity of the transaction and instruments or to defend or counterclaim upon similar grounds if sued. An action in replevin will lie to recover a chattel or its value when seized under a void mortgage given as security for an illegal loan.

The mortgage contains the following provisions:

" 1. The mortgagor agrees at his own expense to procure insurance of the property for the benefit of the mortgagee with a company satisfactory to the mortgagee, and in an amount agreeable to the mortgagee against loss or damage by fire, theft, collision and conversion. Said policies and the certificates thereof shall be delivered to the mortgagee and the mortgagee may make any settlement or adjustment on any claim or claims for any loss arising under any insurance policies or otherwise, and receive and collect the same and execute in the name of the mortgagor and deliver all such instruments and do all such acts, as attorney-in-fact irrevocable for the mortgagor, as may be necessary or proper or convenient to effectuate any such settlement, adjustment or collection without liability for alleged inadequacy of settlement and adjustment. Should the mortgagor fail to procure such insurance the mortgagee may do so and the cost thereof shall be a lien on the said property to be added to the amount of the said obligation secured by these presents and payable on demand with interest at the rate of six (6%) per cent per annum. It is understood, however, that the mortgagee shall not be required to avail itself of this paragraph. It is agreed that loss, injury to or destruction of said property shall not release the mortgagor from making the payments provided for herein."

The premium of $16.65 for the insurance obtained in accordance with the provision of the mortgage was paid by separate check issued by respondent to order of appellant and indorsed to a broker. Another check of $281.60, the balance of the loan apart from the filing fee, was issued to plaintiff.

A usury statute limits what may be charged on a loan or forbearance of money — the compensation allowed by law or fixed by the parties within the law for the use or forbearance of money

or as damages for its detention. (33 C. J. 178.) In contradistinction, a small loan statute not only limits what may be charged for the use of money, but also the expense of every kind that the borrower may be required to pay in connection with the loan, and prohibits any charge, however otherwise legitimate, in excess of those allowed. (*London Realty Co.* v. *Riordan*, 207 N. Y. 264.) A borrower may plead usury and violation of the Banking Law or either, but third parties may only plead the Banking Law. (*Dealers Auto Clearing Corp.* v. *Personal Finance Co. of New York*, App. Term, 1st Dept., No. 71 M. C., June, 1937; *Lowry* v. *Collateral Loan Assn.*, 172 N. Y. 394; *Equity Service Corp.* v. *Agull*, 250 App. Div. 96.) As the expense for insurance here charged was not permitted by the Banking Law (§§ 352, 353), the debt was discharged and the security avoided. (*Stuback* v. *Sussman*, 8 N. Y. Supp. [2d] 141, not officially reported; affd., 256 App. Div. 903; affd., 281 N. Y. 719; *Cucco* v. *Pacific Finance Corp.*, 259 App. Div. 1033.)

Judgment and order granting defendant's motion for summary judgment reversed, with ten dollars costs, motion denied, and plaintiff's motion granted. Appeal from order denying reargument dismissed.

MILLER, J., concurs; SHIENTAG, J., concurs in result.